UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ANTHONY ROBINSON,

        Petitioner,                      Civil Action No. 09-CV-12706

v.                                    HON. BERNARD A. FRIEDMAN

HUGH WOLFENBARGER,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

      Petitioner Darryl Anthony Robinson, a state prisoner currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1983 conviction for second-degree murder. The court finds that the pending petition constitutes a successive petition over which the court lacks jurisdiction. Therefore, the court transfers the matter to the United States Court of Appeals for the Sixth Circuit so that petitioner may seek permission to file a successive petition.

      In 2005, petitioner filed a habeas corpus petition in the Western District of Michigan, challenging the same conviction challenged in the pending petition. That court dismissed that petition with prejudice because it was time-barred. *See Robinson v. Luoma,* No. 05-CV-196 (W.D. Mich. Jan. 4, 2006). The Sixth Circuit has held that dismissal of a habeas corpus petition is a dismissal "on the merits." *In re Cook*, 215 F. 3d 606, 607 (6th Cir. 2000). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits). Therefore, petitioner's prior habeas petition, which was dismissed as

untimely, was a dismissal on the merits.

Because petitioner's previous habeas petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained the required authorization to file a second or successive petition in this court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

IT IS ORDERED that the clerk transfer the petition in this matter to the United States Court of Appeals for the Sixth Circuit.

        S/Bernard A. Friedman
        BERNARD A. FRIEDMAN
        SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 17, 2009
      Detroit, Michigan